## EXEMPTION OF RAILWAY COMPANIES FROM NEGLIGENCE.

Court of Common Pleas of Clark County.

MARGARET CAVANAUGH, ADMINISTRATRIX, v. THE C., C., C. & ST. L. RAILWAY COMPANY.

Decided, November 13, 1916.

*Contracts of Exemption from Liability for Negligence—Application of Section 5 of the Federal Employers' Liability Act—Assumption of Risk as a Subject of Contract—Telegrapher Killed While Using the Track of His Employing Company on His·Way to Work.*

A telegraph operator in the employ of a .railway company, engaged in interstate commerce, contracts expressly with said railway company that, if said railway company will let him use his speeder or velocipede on the tracks of said railway company in going to and from his work, he will assume all risk of personal injury to himself or to his property while he is so using such speeder or velocipede. He further agreed to keep himself informed of the movements of trains upon the tracks of said railway company and to remove his speeder from the tracks in time to avoid collision, notwithstanding such trains, engines and cars might be run at high speed and without warning to him and he assumed all the risk of injury that he might receive through any cause while operating his said speeder upon the tracks of said railway company.

*Held:* That such contract violates Section 5 of the federal employers' act, and is against public policy and void.

*John M. Cole,* for the motion.
*Bowman & Bowman,* contra.

STEPHENSON, J.

This is an action by the administratrix of Walter D. Cavanaugh, deceased, against the defendant railway company for alleged wrongful death. The petition states generally that the plaintiff is the administratrix of the estate of Walter D. Cavanaugh, deceased; that on the night of August 19th, 1915, her decedent was in the employ of the defendant railway company

in the capacity of telegraph operator; that his office was at Sand Cut station, some miles out of the city of Dayton, Ohio; that he was going to his work on a speeder or railway velocipede and was run down by one of the defendant company's freight trains and killed.

Plaintiff alleges that the defendant company was negligent in that it failed to pay attention to certain signals flashed from stations and did not observe the light on the rear of the speeder operated by plaintiff's decedent; that by reason of such negligence of defendant company plaintiff's decedent was killed, and she asks damages in the sum of $25,000.

The defendant, answering, admits the employment of the decedent as telegraph operator of the defendant railway company at the Sand Cut office; admits he was killed about 11:30 P. M. on the 19th of August, 1915, while riding a speeder on the main track of the defendant railway company, and denies any negligence on its part, or any of its employees, agents or servants, except that of the decedent Walter D. Cavanaugh, who it is alleged was running without a light of proper brightness on the rear of his speeder and failing to keep a proper lookout for trains. It further denies that any of its employees or any of those in charge of its freight trains had any notice or warning of the presence of the speeder or of other danger on the track in time to enable them to avoid the accident, and denies that the train was operated in a negligent or improper manner or was in any way handled negligently or improperly. It denies that Walter D. Cavanaugh was required to ride the speeder to his working place, and denies every other allegation contained in the petition not specifically admitted to be true.

For so much of the second defense as it is necessary to refer to in order to pass on this motion, the defendant railway company says that the death of Walter D. Cavanaugh was due to his attempting to ride on a certain speeder owned by him over the west bound tracks of the defendant from a point in the city of Dayton and the using of the railway company's tracks for such purpose when said tracks were constantly being used by defendant for the passage of its trains, both freight and

passenger, regular and extra, and while the east bound track immediately adjoining the west bound track was being used by the defendant in the same manner and to the same extent; that the use of said tracks was made by said Cavanaugh under a permit granted to him at his request and with the express agreement upon his part that he would and did assume all risks of personal injury to himself or to his property while he was so using such speeder, and defendant further says that at the time of the accident resulting in the death of said Cavanaugh defendant's trains were being operated on its said tracks in the usual and ordinary way, with which said Cavanaugh was entirely familiar; and the hazard of attempting to use such tracks with said speeder had been fully explained to him and was fully understood by him, and he agreed to keep himself informed as to the movements of trains on such tracks and to remove his said speeder from the track in time to avoid a collision, notwithstanding such trains, engines or cars might be run at a high rate of speed and without warning to him, and that said Cavanaugh assumed all the risk of injury that he might receive from any cause while operating his said speeder on the tracks of this defendant.

Plaintiff moves the court to require the defendant to strike out of the second defense the following words:

"And said use of said tracks was made by said Cavanaugh under a permit granted to him at his request and with the express agreement on his part that he would and did assume all risk of personal injury to himself or to his property while he was so using such speeder."

And also the following:

"And he agreed to keep himself informed of the movement of trains on such tracks and to remove his said speeder from the track in time to avoid a collision, notwithstanding such trains, engines and cars might be run at a high rate of speed and without warning to him, and the said Cavanaugh assumed all risk of injury that he might receive through any cause while operating his said speeder upon the tracks of this defendant."

The reason for asking the court to strike this matter out of the second defense plaintiff avers is because such matter is immaterial and irrelevant.

. The first proposition that addresses itself to the mind of the court is whether or not this pleading is violative of Section 5 of the federal employers' liability act. Section 5 of said act is as follows:

"That any contract, rule, regulation or device whatsoever the purpose and intent of which shall be to enable any common carrier to exempt itself from any liability created by this act shall to that extent be void."

· If the pleading does not violate Section 5 of said act, then it is insisted that an assumption of risk can not be made a subject of contract, and if it is made a subject of contract, such contract is bad as being against public policy.

It is conceded that the decedent, Walter D. Cavanaugh, was engaged in interstate commerce at the time of his death. This fact is pleaded by the plaintiff in the petition and amplified by the defendant in its answer.

The law might permit a railway company to enter into a contract with an employee, exempting itself from liability from negligence when said employee was acting entirely outside the scope of his employment, but under those circumstances the person with whom such contract was made would not be an employee if the company, but a bare licensee at the best, and a company would owe him no duty other than to refrain from wilfully and wantonly killing or injuring him. If Walter D. Cavanaugh at the time he was killed was an employee of the defendant railway company, then this contract exempting the railway company from liability is void.

It being conceded that the decedent, Walter D. Cavanaugh, was engaged in interstate commerce at the time of his death, then it must be further conceded that the federal law applies. There is no federal statute defining the term employee so as to fit this particular case. Hence we must look to the federal com-

mon law to determine just when a servant steps into the scope of his employment.

Without citing the authorities, the weight of the federal decisions on this proposition is overwhelmingly to the effect that any employee of a railway company using the tracks of the company as a means of transportation to and from his work becomes an employee when he sets his foot upon the railroad property preparatory to going to his place of employment.

It is conceded that Walter D. Cavanaugh was going from Dayton to Sand Cut station, the place of his employment, on his speeder, using the tracks of said company as a means of transportation to his place of employment.

Consequently he was an employee, under all the federal authorities, of the defendant railway company and was acting within the scope of his employment.

The finding of the court is that said contract violates the provisions of Section 5 of the federal employers' liability act, is likewise against public policy and is absolutely void.

The motion will be sustained as to both assignments.